Sydney J. Schwartz, of New York City (Edgar J. Bernheimer, of New York City, on the brief), for petitioner.

Michael H. Cardozo, IV, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Gerald L. Wallace, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

Early in 1936 the petitioner, a manufacturer with its principal office at Bethlehem, Pennsylvania, and with another office in New York City, made an application for a loan from the Federal Reserve Bank of Philadelphia. On March 25, 1936, the bank wrote a letter to the petitioner stating that it had approved a loan to the petitioner subject to a number of conditions. Some of these conditions plainly were to be fulfilled before the loan was made; some, imposed duties upon the taxpayer to be performed by it after the consummation of the loan. The loan was to be secured by a mortgage on certain of the petitioner's real estate, buildings and equipment and by a pledge by the petitioner with the bank of $25,000 worth of acceptable accounts receivable. The letter also stated that the approval contained therein should not be considered binding on the bank until all papers necessary to complete the loan had been executed by the petitioner and delivered to and finally approved and accepted by the bank. It was provided specifically that no dividends should be paid on the stock of the taxpayer until the loan

## BETHLEHEM SILK CO. v. COMMISSIONER OF INTERNAL REVENUE

No. 7806.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 22, 1941.

Decided Dec. 16, 1941.

had been repaid in full. The letter closed with a statement that the bank would "appreciate" the petitioner's written acceptance of the conditions and "will expect settlement for the loan to be completed within forty-five days * * *."

On March 27, 1936, the petitioner wrote to the bank and stated that it accepted the loan upon all of the conditions mentioned in the letter of approval. It does not appear whether this letter was mailed to the bank by the petitioner from New York or from its office in Pennsylvania. Under the view we take of the case, however, the question of where the letter was mailed becomes immaterial. The loan was made by the bank to the petitioner on June 5, 1936.

The Commissioner refused to give the petitioner credits against undistributed profits for the taxable years 1936 and 1937 under Section 26(c) (1) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 836. The Board of Tax Appeals affirmed the Commissioner's ruling and the appeal at bar followed.

The question for our determination is whether the petitioner is entitled to the credits claimed by it because it was prohibited from paying dividends by the contract between it and the bank.

Section 26(c) (1) provides that a corporation shall be allowed credit in "An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends."[1] The contract between the petitioner and the bank expressly prohibited payment of dividends until the loan was repaid. The question of the effective date of the contractual prohibition is the only question before us.

The terms of the bank's letter of March 25th constituted an offer of a unilateral contract. The petitioner's letter of March 27th was an authentication of the terms of the offer. See Williston on Contracts, Rev.Ed., Vol. 1, Sec. 73A, p. 211. The bank said in effect, "If you will do certain things within the time we specify and will promise to do certain other things thereafter, we will make you a loan". The taxpayer responded in effect, "We accept the conditions you impose and will perform them." Since the petitioner performed the required conditions within the period specified there was a valid contract. The contract was "executed" in the sense that that word is employed in the statute by the performance within the forty-five day period of the conditions required by the bank to be performed by the taxpayer within that period. It follows that the contract was executed after the date specified by Section 26(c) (1).[2]

The decision of the Board of Tax Appeals is affirmed.

---

[1] See also Art. 26–2, Regulations 94, promulgated under the Revenue Act of 1936.

[2] It is immaterial whether the contract is considered to have been made in New York or in Pennsylvania, the laws of the respective states being identical upon any question here presented.