## COMMISSIONER OF INTERNAL REVENUE v. HASKELITE MFG. CORPORATION.
### No. 7920.

Circuit Court of Appeals, Seventh Circuit.

June 25, 1942.

J. P. Wenchel and Vernon F. Weekley, both of Washington D. C., Carlton Fox, Samuel O. Clark, Jr., and J. Louis Monarch, Asst. Attys. General, and Michael H. Cardozo, IV, Sp. Asst. to Atty. Gen., for petitioner.

John Harrington, of Chicago, Ill., for respondent.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is a petition for review of a decision by the United States Board of Tax Appeals, entered June 5, 1941, holding that there was no deficiency in respondent's income tax for the year 1937. The validity of the decision is dependent upon the Board's conclusion that respondent could not have distributed profits for the year 1937, because it was prohibited from declaring or paying dividends by a written contract executed prior to May 1, 1936, within the meaning of Section 26(c) (1) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Acts, page 836.

■ There is little, if any, dispute regarding the facts, although petitioner, in its argument, appears to ignore the Board's

---

findings. We, of course, are bound to accept them if substantially supported. Briefly, respondent is a New York corporation with its principal place of business in Chicago. In 1933, it endeavored to borrow $200,000 from the Reconstruction Finance Corporation. At that time, so it appears, the R. F. C. made loans only through an intermediary which, in this case, was the Industrial Recovery Loan Company of Chicago.

Respondent made its application to Industrial which, in turn, applied to R. F. C., the latter granting the loan in March, 1934. The collateral which respondent furnished Industrial was turned over to the R. F. C. Of the amount loaned, respondent received $180,000, $20,000 being used to purchase stock of Industrial. There was a clause in the loan agreement, required by R. F. C., which provided: "That no dividends or other distribution will be declared or made by it (respondent) upon its capital stock until final payment of the said $200,000 loan."

Respondent defaulted in its obligation, which default continued until 1937. In February, 1936, respondent applied to R. F. C. for a new loan in the amount of $300,000, $200,000 of which was to be applied to the payment of the loan to Industrial. This application was denied October 28, 1936, but on November 13, 1936, the R. F. C. authorized a loan for $200,000. This transaction was consummated January 21, 1937, and R. F. C. retained an amount sufficient to discharge respondent's former obligation which had been taken over by R. F. C.

Respondent's application for a loan in February, 1936, and the resolution of the R. F. C. November 13, 1936 authorizing the loan, were not finally consummated until January 21, 1937. This application, as well as the resolution of the R. F. C. contained a provision prohibiting the payment of dividends until the obligation was discharged. Petitioner's position is predicated entirely upon the theory that such contract was not executed by respondent prior to the crucial date named in the Statute, to-wit: May 1, 1936. Bethlehem Silk Co. v. Commissioner of Internal Revenue, 3 Cir., 124 F.2d 649, and Florence Cotton Mills v. Commissioner of Internal Revenue, 5 Cir., 126 F.2d 1017, undoubtedly sustain this position. The fallacy of the position, however, lies in the fact that petitioner treats the transaction between respondent and the R. F. C. in 1936-1937 as a new contract unrelated to the situation previously existing between the same parties. Petitioner's position and argument ignores the following finding made by the Board: "At all times from March of 1934 through 1937 Haskelite was in reality indebted to R. F. C. and it was prohibited from declaring or paying dividends on its capital stock. That prohibition against dividends was an R. F. C. requirement evidenced since March of 1934 by a written agreement of Haskelite, which agreement was at all times held by the R. F. C. When Haskelite gave R. F. C. a new note for $200,000 in 1937 that act did not operate to terminate the written dividend agreement made in March of 1934, but the original agreement thereby was continued in operation and effect. Also, the giving of the new note operated in effect to extend the time of payment of the original indebtedness to R. F. C."

We think this finding is amply supported. As a matter of fact, there can be little, if any, question but that the transaction between respondent and the R. F. C. in 1936-1937, was, in reality, merely a continuation of the loan made in 1934. At all times material to the instant situation, respondent was restricted from the payment of dividends because of a written contract executed prior to May 1, 1936. The fact that a later agreement in identical language reiterated the same restriction does not justify the conclusion that it was a different restriction or that the rights of the parties were altered thereby. The R. F. C. was the actual creditor in both transactions. The principal of both notes was the same. The mortgages and assignments executed in 1937, covered the same property as those executed in 1934.

True, as contended by petitioner, and as pointed out in Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29, the provisions in question must be strictly construed, but a strict construction did not require the Board, nor does it require us, to close our eyes to the realities of the situation.

The decision of the Board is affirmed.