**LITTLE JOHN COAL CO., Inc., v. SMITH, Collector of Internal Revenue.**

No. 8176.

Circuit Court of Appeals, Seventh Circuit.

May 13, 1943.

Hays & Hays, Will H. Hays, John S. Taylor, John T. Hays, Will H. Hays, Jr., J. Olias Vanier, Alonzo C. Owens, and Hinkle C. Hays, all of Sullivan, Ind., for appellant.

Samuel O. Clark, Jr., Sewall Key, Wm. B. Waldo, and Samuel H. Levy, Sp. Assts. to the Atty. Gen., and B. Howard Caughran, U. S. Atty., of Indianapolis, Ind., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a judgment favorable to the defendant in an action by the plaintiff to recover income taxes alleged to have been wrongfully collected. The wrongful collection was alleged to have resulted from a refusal by the Commissioner of Internal Revenue to allow credit on plaintiff's income tax for the fiscal years ending March 31, 1937 and March 31, 1938. Plaintiff's contention, denied by the defendant, is that as a corporation it was entitled to such credit on account of a contract restricting payment of dividends.

The statute relied upon is Sec. 26(c) (1) and (2) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, Title 26, Internal Revenue Acts, U.S.C.A. page 836, entitled "Contracts Restricting Payment of Dividends." Subsection (1) deals with prohibitions on payment of dividends and allows credit, if to distribute would be a violation of a provision "of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends." Subsection (2) allows a credit to the extent that earnings and profits of the taxable year are required "(by provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt." The designated debt "does not include a debt incurred after April 30, 1936."

Plaintiff corporation was incorporated under and by virtue of the laws of the state of Indiana, with a statutory principal office at Linton, Indiana, and a principal business office at Indianapolis, Indiana. Its articles of incorporation were approved and filed on June 16, 1936, in the office of the Secretary of State of Indiana, and on that date a certificate of incorporation was issued by that official to the taxpayer.

Prior to May 1, 1936, certain transactions were had between the Central Indiana Coal Company and other parties, labeled by plaintiff an association, which it is claimed culminated in a contract restricting the payment of dividends within the meaning of the pertinent provisions of the Revenue Act. This so-called association, so it is argued, contemplated the or-

ganization of a corporation to assume the contractual obligations of the "association," including that restricting dividend payments. It appears without dispute that plaintiff was incorporated as intended. In August 1936, a mortgage contract was executed by the plaintiff, containing a provision which it is claimed restricted the payment of dividends as had been done by the contract of the "association."

Numerous questions are argued, predicated upon a rather complicated factual situation. The facts, however, relate largely to the question as to whether a contract containing the necessary restrictive language was actually executed by the association prior to May 1, 1936. In our view, it is unnecessary to relate such facts, for the reason that our decision must rest upon the legal rather than the factual situation.

Plaintiff obviously does not rely upon the provision of the mortgage contract executed in August 1936, except that it contends that such contract was the same as that executed by the "association" and that, therefore, it was executed by plaintiff prior to the critical date, within the pertinent language of the Revenue Act. Plaintiff relies upon a number of Indiana cases to the effect that where the promoters of a corporation enter into a contract for its benefit, the contract when adopted by the corporation becomes its contract and that it is liable thereon. There is no need to discuss these cases for the reason that they are beside the point. There is no question here regarding the liability of plaintiff on a contract made by its promoters or organizers prior to its incorporation and later adopted by it.

The question and the controlling one, so we think, is whether the contract of the "association," executed prior to May 1, 1936, was a contract executed by the plaintiff which was not incorporated until after the critical date. For the purpose of this decision, we assume that there was an association, as that term is defined in the Revenue Act, and that the language of the association contract, later adopted by plaintiff, properly restricted the payment of dividends. We note that each of these assumptions is disputed by the defendant.

Section 1001 of the Revenue Act of 1936, Title 26 U.S.C.A. Int.Rev.Acts,

page 971, states: "The term 'corporation' includes associations, joint-stock companies, and insurance companies." Utilizing this definition as a premise, plaintiff contends that its mortgage contract of August 1936 was in fact executed by it prior to May 1, 1936. We are unable to approve of this reasoning. As was said in the recent case of Helvering v. Ohio Leather Co., 317 U.S. 102, 106, 63 S.Ct. 103, 106, 87 L.Ed. ——, "Since § 26(c) (2) grants a special credit in the nature of a deduction, the taxpayer must sustain the burden of showing compliance with its exact terms." It is patent on the face of the provision that a contract could not be executed prior to May 1, 1936 by a corporation which was not incorporated until some subsequent time. The statute which allows the credit does so only upon the express condition that the contract be executed by the corporation prior to May 1, 1936, and contains no provision for the allowance of a credit on account of a contract executed by some other entity prior to such date, even though the contract be subsequently assumed by the corporation. The statutory definition of a corporation might afford some support to a construction of the statute so as to allow a deduction to an association, joint stock company, or insurance company which had made the contractual restriction prior to the date designated. However, it affords no support for the contention that a corporate entity executed a contract prior to such date by adopting a contract of a separate entity, even though the latter was executed prior to such date.

Plaintiff also stresses Commissioner v. Haskelite Mfg. Corp., 7 Cir., 128 F.2d 902, a recent decision of this court, in support of its contention. That case, however, is readily distinguishable. There, we accepted a finding of fact made by the Board of Tax Appeals that an agreement restricting the payment of dividends subsequent to May 1, 1936 was the same agreement between the parties as had existed prior to such date and that the latter agreement did not terminate the former. On such finding, we decided in favor of the taxpayer. In the instant case, however, the restrictive contract was not executed by the same parties but, on the contrary, first by the so-called association and later by the taxpayer. Furthermore, in the Haskelite case, the findings of the court below were favorable to the

taxpayer; in the instant case, such findings are against the taxpayer.

We conclude that plaintiff failed to bring itself within the statutory requirement. The judgment below is correct and is

Affirmed.