THE McCALL COMPANY, Respondent, vs. ICKS and another, Appellants.

SAME, Appellant, vs. SAME, Respondents.

*May 17 — June 21, 1900.*

*Contracts: Sales: Offer: Mutuality: Consideration: Uncertainty: Measure of damages: Evidence: Interest.*

1. An offer to purchase goods expressly stated that on its acceptance it should constitute a contract binding between the parties for a certain term. It was signed by the purchaser and such signature was followed by a stipulation to save the purchaser harmless, on certain conditions, from loss through handling the goods. It also contained an acknowledgment of a payment on the contract, and the seller signed by its duly authorized agent. *Held,* that the transaction between the parties constituted a binding contract, and was not void for want of mutuality or consideration.

2. A contract, whereby defendants agreed to take monthly as produced and placed on the market by plaintiff, for the period of two years, one of each size of certain fashion patterns, and the plaintiff therein agreed to furnish such goods, is not void for uncertainty.

3. Where damages are claimed for breach of contract to purchase fashion patterns as produced and placed on the market, and the full contract period has run, and hence the exact number of patterns called for susceptible of proof, recovery cannot be had based on evidence, taken long before the expiration of the contract period,

The McCall Co. vs. Icks and another.

as to the probable number of patterns that plaintiff would produce each month for the balance of such period: the proofs should be confined to patterns shown to have been actually produced.

4. In an action on a contract, breached by failure to accept and pay for goods contracted for, interest may be allowed, not as interest strictly so called, but as part of plaintiff's damages, and as necessary to give complete indemnity for the breach of the contract.

APPEALS from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed on plaintiff's appeal; affirmed on that of defendants.*

Action to recover damages for breach of contract. November 1, 1896, the defendants made to plaintiff the following proposition in writing:

"THE MCCALL COMPANY,

"144–146 West 14th St., New York:

"Please deliver to the Nickel Plate, c / o Chic. & Northwestern Train No. 57, freight, at New York, addressed to us, a stock of the McCall bazaar patterns, at the uniform price of 7½ cents for each pattern (excepting those retailed for 10 cents, the price of which is 5 cents each), amounting to $75.00 net, payable ten days after shipment, including Dec. issue.

"Also ship us each month of the new monthly patterns, one of each size of each style, at the same prices as above, commencing with Jan. issue; also fashion sheets monthly, and other publications, etc., in quantities and at prices specified below.

"Monthly shipments to be sent per as above freight.

[Then follows a schedule showing quantities and prices.]

"Change of advertisement on back page twice each year (including the first advertisement) free of charge. If other changes are desired, not over $5.00 will be charged for composition and plate on each change.

"We will reorder, at the prices above named, once each week, or oftener, all patterns sold, thus keeping a stock of patterns on hand as above specified.

"All goods ordered for delivery after the first stock are

The McCall Co. vs. Icks and another.

to be paid for on or before the 5th day of the month succeeding date of shipment; if not then paid, subject to sight draft.    All prices quoted are net.

" We will not sell any other patterns than the McCall bazaar patterns received from you during the term of this contract order, nor transfer this agency from No. 106 Wisconsin Ave., without your written consent, and will pay all transportation charges from your New York office.

" Any patterns received from you under this contract order, that are reported discarded by you twice each year — January and July — during the term of this contract, can be returned by us at sixty-five per cent. cost price in exchange for other patterns at cost price, provided such patterns have been received by you and others ordered by us in exchange within sixty days from date of discard report.

" The terms of this contract are to remain in force for two years from date, and thereafter until the expiration of sixty days' notice given by either party in writing.

" All terms are in printed or written form.

" Signed in duplicate after being read.

" Purchaser's name, Icks & Gruenheok.

" Address, Neenah.

" State, Wis.

" At the end of two years (if you so desire) take an invoice of your stock of patterns on hand, and if the result of the business shows a loss in the sale of patterns — that is, if you have paid us more money for patterns than you have received at retail prices — we will, in thirty days after receipt of the patterns, pay you such loss in cash, providing all the terms of this contract have been fully complied with.

" Received on account of above contract order one dollar, to be applied on first bill of goods.

" Dated November 1, 1896.

" The McCall Company

" (Incorporated State of New York),

" Per Frank S. Pierson."

The contract thus made between the parties was carried out until the month of July, 1897, at which time defendants refused to take any more goods under it, or to recognize it as binding upon them. The court found facts as aforesaid, and that plaintiff was damaged by reason of the defendants' violation of the contract in regard to taking and paying for the fashion sheets, in the sum of $102.75, but that no damage could be recovered for the failure to take patterns, because the contract in that regard was void for uncertainty. Judgment was accordingly entered in plaintiff's favor and for its costs and disbursements in the action. Both parties appealed.

For the plaintiff there was a brief by *Charles M. Morris,* attorney, and *Adolph Huebschmann,* of counsel, and oral argument by *Mr. Morris.*

*Silas Bullard,* for the defendants.

MARSHALL, J. The defendants' appeal is mainly on the ground that the transactions between the parties did not constitute a binding contract for want of mutuality and consideration to support the promise of the defendants, the theory being that plaintiff did not accept defendants' order. On that it is considered that the trial court reached the right conclusion. The order expressly stated that upon its acceptance it was to constitute a contract, binding between the parties for two years from its date, and thereafter until the expiration of sixty days' notice given by either party in writing. It was first signed by the defendants as the parties to be bound as purchasers. Following their signatures is language to the effect that upon certain specified conditions the vendors will save the purchasers harmless from loss by reason of handling the bazaar patterns. That is followed by language acknowledging receipt of one dollar upon the contract, to be applied on the first bill of goods, and then follows the signature of the plaintiff by its duly authorized

agent. The offer to purchase goods, the agreement to save the purchasers harmless from loss on the patterns, and the receipt of one dollar on the contract, are all parts of one entire written agreement. The receipt of one dollar and the agreement to save the purchasers harmless from loss in handling the patterns are inconsistent, as it seems, with any other reasonable theory than that, when the plaintiff signed the paper, it did so for the purpose of making a binding contract between it and the defendants in accordance with the terms of the paper, and that both parties must have so understood it:

The claim that there was no consideration for the obligation of the defendants is manifestly untenable. When plaintiff accepted the contract order, it became bound to comply with all its conditions and provisions. Its promise in that regard, which must be implied from the acceptance, was ample consideration for the obligation incurred by defendants. *Shadbolt & B. I. Co. v. Topliff*, 85 Wis. 513.

Some question is raised as to the correctness of the finding of the court in regard to the loss suffered by plaintiff on account of defendants' refusal to receive and pay for the fashion sheets. It is contended that the finding is excessive to the extent of $7.80, and that the error was committed by reason of the court's taking $3.15 as the cost to plaintiff of each set of fashion sheets, instead of $3.67, which the evidence shows was the average cost to plaintiff, taking into consideration the entire product of their business for the year. There was evidence tending to show that the production of the additional fashion sheets that would have been required to satisfy the breached contract, had the defendants complied with its provisions, would not have exceeded the sum taken by the court as a basis for determining plaintiff's damages. It seems obvious that, the entire expense of preparing the fashion sheets having been incurred, the cost of producing a few additional sheets would

have been considerably less than the average cost of the entire product of the business for the year, and that the difference was legitimately a part of plaintiff's loss. We cannot disturb the finding of the court on that branch of the case.

What has been said disposes of defendants' appeal. On the plaintiff's appeal we are required to determine whether the trial court rightly decided that the agreement, whereby the defendants offered to take monthly, as produced and placed on the market by plaintiff, for the period of two years, one of each size of each style of the McCall bazaar patterns, and plaintiff agreed to furnish such goods, was void for uncertainty.

Where the fatal uncertainty lies, which the trial court discovered, we are unable to see. Courts are to construe contracts so as to sustain rather than to defeat them, if that can reasonably be done. Certainty, not uncertainty, is to be sought for. It is only after applying all the tests which the rules of law and of reason will permit, to a contract, and a failure thereby to discover, reasonably, what the parties agreed to, that the court should say it is too uncertain to be enforced. *Redman v. Hartford F. Ins. Co.* 47 Wis. 89; *Walsh v. Myers*, 92 Wis. 397; *Torrence v. Shedd*, 156 Ill. 194; *Thrall v. Newell*, 19 Vt. 202.

It was no necessary part of the agreement in question, in order to make it binding, that plaintiff should expressly agree to produce bazaar patterns, or such patterns in any particular quantity. It was perfectly competent for plaintiff to agree to furnish to defendants one set of each style of such patterns as it should produce for sale, and for defendants to agree to take and pay for the same. That made a perfectly certain contract as to what the parties agreed to do; time would necessarily render certain the number of patterns to be furnished, received, and paid for. If plaintiff had failed to produce any bazaar patterns, the agreement on

the part of the defendants would not have been breached, because their obligation was conditioned upon the production and furnishing of such patterns. The condition being satisfied, the agreement of the defendants to take one set of each style of the patterns immediately became legally binding upon them. Mere indefiniteness as to the amount of material or goods which may be delivered under a contract, or uncertainty even as to whether any will be delivered, is not necessarily a fatal uncertainty. It is sufficient that there be a distinct agreement, supported by a sufficient consideration, to take such quantity as may be delivered and to pay for the same at a price named in or ascertainable by such agreement. Many illustrations of this can be found in the books.

In *Minnesota L. Co. v. Whitebreast C. Co.* 160 Ill. 85, the contract was to the effect that the lumber company would buy such anthracite coal of the coal company as it should need in its business for the season of 1886–87 at a stated price, and the coal company would furnish such coal when ordered. The point was made that the contract was void for uncertainty, because the lumber company was not absolutely bound to take a specific quantity of coal. It was held that, looking at the situation of the parties when the contract was made, and construing it in that light, the plain intent of the parties was that the lumber company would continue its business as usual and take of the coal company such anthracite coal as might be required in such business for the period named in the agreement; that it was not essential to the binding force of the agreement that it should be certain as to the precise amount of coal the lumber company would require; that it was sufficient that it was bound to take its supply of coal from the coal company. The court remarked that such contracts are very common, and always regarded as binding.

In *Smith v. Morse*, 20 La. Ann. 220, a contract to take all

the ice required for a certain hotel for five years was held sufficient, as the parties must have contemplated that the hotel would be continued and that it would necessarily require ice during the whole of such period; and that it was not essential to the validity of a contract that it should be certain in advance as to the actual amount of ice that would be required.

*National F. Co. v. Keystone Mfg. Co.* 110 Ill. 427, involved the validity of an agreement on the part of the defendant to take its supply of iron for the season of the plaintiff, and on the part of the plaintiff to furnish such iron from time to time as ordered and at certain stipulated prices. The contract was held sufficient as to mutuality and certainty, because the vendee could not, without clearly violating it, take any part of its supply of iron from any other party than the vendor, and the lapse of time would necessarily render certain the quantity of iron the contract called for.

Many more like cases might be cited, all to the effect that a contract is not void for uncertainty if it can be made reasonably certain by reference to its subject matter, or to what was fairly within the contemplation of the parties when it was made. Here the plaintiff was an established concern, carrying on the business, among others, of producing patterns called the McCall bazaar patterns. In the very nature of things, the parties to the transaction assumed that the plaintiff's business would continue to run as usual, and that it would, from month to month, produce and offer to its customers patterns of the kind specified in the contract. The number of such patterns was necessarily left to be made certain by the operation of plaintiff's business. That was a matter as plainly within the contemplation of the parties as anything expressly stipulated in the contract, and was as much a part of the contract as if expressly stipulated therein.

The foregoing disposes of the only possible theory that can be advanced to sustain the proposition that the agree-

The McCall Co. vs. Icks and another.

ment to take the bazaar patterns was void for uncertainty, and leaves only to be considered the amount of damages which plaintiff is entitled to recover on that branch of the case.

Evidence taken long prior to the expiration of the contract period of two years, as to the probable amount of patterns that plaintiff would produce each month for the balance of such period, as a basis for determining the measure of plaintiff's damages, was admitted against defendants' objections. At the time of the trial the full contract period had run, and the case on the part of the plaintiff was susceptible of certain proof as to the exact number of patterns which defendants ought to have taken and paid for. That evidence was not offered. It is considered that the objection by the defendants to the evidence, as to the probabilities of the future operation of plaintiff's business, should have been sustained. The elementary rule that the best evidence must be produced that the nature of the case is susceptible of, seems to have been clearly violated. Parties are not permitted to establish primary facts by mere inference from other facts, when direct evidence of the former is in existence easily within reach, and there is no excuse whatever for a failure to produce it. This is not a case where prospective profits were required, necessarily, to be assessed under the difficulties attending the determination of such a question where the business in which the loss occurred was not in fact carried on, as in *Treat v. Hiles*, 81 Wis. 280; *Schumaker v. Heinemann*, 99 Wis. 251, and similar cases. There the only evidence the nature of the case was susceptible of, was as to what was done in the business when it was operated, as tending reasonably to show what would have been done thereafter had the business continued as the contract contemplated. On that ground alone, and because, under the circumstances, such evidence furnished a legitimate basis for the exercise of judgment and for calculation,

and was outside of mere conjecture and guesswork, it was held proper. It will readily be seen that the primary circumstance authorizing such evidence was displaced here by the lapse of time, rendering the exact facts as to the amount of plaintiff's production of patterns a matter of easy and absolute proof.

It follows that the evidence will not warrant a recovery of damages for breach of the contract to take patterns, based on the evidence of prospective manufacture thereof. The recovery must be confined to such patterns as the proof shows were actually produced and would have been supplied to the defendants but for their refusal to receive them. That amount we determine from the testimony to be $111.12. Upon that sum interest should be allowed at the rate of six per cent. per annum from the time the loss accrued to the plaintiff, which, as near as can be reasonably ascertained, was July 1, 1898. The interest is allowed as part of plaintiff's damages, and is necessary to give complete indemnity for the breach of the contract. It is not allowed as interest, strictly so called. *J. I. Case Plow Works v. Niles & Scott Co., ante,* p. 9.

*By the Court.*— The judgment is affirmed on defendants' appeal and reversed on plaintiff's appeal, and the cause is remanded with directions to modify the judgment in accordance with this opinion.