[No. 2580. Nov. 31, 1921.]

## SEIS v. CORN.

### SYLLABUS BY THE COURT.

1. Instrument providing for sale of "what ewe lambs I decide to sell from 6,800 ewes" constitutes a valid contract, and sale of such ewes to person other than purchaser named

in contract constitutes a breach for which damages may be
recovered.                                                  . P. 366

2.    Findings supported by substantial evidence will not be
disturbed on appeal.                                        P. 367

Appeal from District Court, Bernalillo County;
Holloman, Judge.

Action by A. G. Seis against E. S. Corn.  Judg-
ment for plaintiff, and defendant appeals.  Affirmed.

George B. Barber, of Carrizozo, for appellant.

Thos. K. D. Maddison, of Albuquerque, for
appellee.

### OPINION OF THE COURT.

DAVIS, J.  This is an action upon a contract by
which E. S. Corn, appellant, agreed to sell to Culp
Bros. Sheep Company certain lambs.  The company
assigned the contract to A. G. Seis, plaintiff below,
and appellee here.  The portion of the contract in
question is as follows:

"This is to certify that I have this day sold to Culp Bros.
Sheep Company, of Denver, Colo., not less than————head
of unshorn lambs out of my flocks, all the wether lambs, and
what ewe lambs I decide to sell from 6,800 ewes."

The wether lambs were delivered as called for in
the contract.  Corn sold about 700 ewe lambs to
another party and refused to deliver any under the
contract quoted above.  This action was thereupon
commenced for this breach of the contract.  The dis-
trict court gave judgment for plaintiff.  No question
is raised as to the amount of the damages; appellant
taking the position that the contract was not enforce-
able and no damages collectible.

[1]    The first question on this appeal is as to the
meaning and effect of the agreement.  Counsel for
appellant contends that there was no binding· con-
tract covering the ewe lambs, but that, as expressed

in his brief, if the defendant decided to sell his ewe lambs to the Culp Bros. Sheep Company, he was at liberty to do so, and, if he decided not to sell to them, then there was no liability on his part. But this is not the language of the contract. Appellant agreed to sell to the company all the ewe lanbs that he decided to dispose of. He was at liberty to keep all or any part of these lambs, following the custom among sheepmen of retaining such lambs for the maintenance of their flocks by the replacement of old ewes. But, if he did dispose of them, he was obliged to sell to Culp Bros., or their assignee.

This is the only reasonable construction of the agreement. To say that he was at liberty to sell to whomsoever he pleased is to say that no contractual relation existed, and that the language regarding these lambs was useless.

The fact that the number of lambs was not fixed by the contract, or that the sale in this respect was conditional upon the decision to be made by the defendant as to whether he would sell or keep the ewe lambs, makes no difference. Contracts the performance of which may be determined by the happening of a future event are nevertheless enforceable, and certainty of amount at the time the contract is made is not necessary. Similar contracts have come before the courts and have been declared valid, as in the following cases: Parker v. Pettit, 43 N. J. Law, 512; Bergess Sulphite Fiber Co. v. Broomfield, 180 Mass. 283, 62 N. E. 367; McCall Co. v. Icks, 107 Wis. 232, 83 N. W. 300; Robert E. Lee Co. v. Omaha, etc., Co., 16 Colo. 179, 26 Pac. 320.

[2] Appellant also contends that the contract in question was obtained by fraud, and that the wether lambs were received in full satisfaction of the contract, and the right to the ewe lambs was then waived. Several other propositions are raised by

the appellant, but all these questions are dependent upon the facts, and, the trial court having resolved these facts against the appellant's contentions, and there being substantial evidence to support the findings, the same will not be disturbed on appeal, a doctrine so frequently decided here that citation of authority therefor is unnecessary.

For the reasons stated, the judgment of the trial court is affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.