## METAL SPECIALTY CO. v. COMMIS-SIONER OF INTERNAL REVENUE.

### No. 9022.

Circuit Court of Appeals, Sixth Circuit.

June 2, 1942.

Charles W. Baker, Jr., of Cincinnati, Ohio, for petitioner.

A. A. Armstrong, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Arthur A. Armstrong, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals which sustained the Commissioner in his determination of a deficiency in income tax in the amount of $7,152.09 for the fiscal year ended September 30, 1937. Petitioner claimed a credit in the amount of $29,017.36 under Section 26(c) (1) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 836, which permits a credit in "An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends."

It was the contention of the petitioner that a written contract restricting the payment of dividends within the meaning of the statute had been executed by the corporation, being embodied in a resolution of the board of directors, approved by a resolution of the stockholders signed by all stockholders, providing for the amendment by the corporation of its charter to restrict the payment of dividends until after accumulation of funds as a sinking fund to retire preferred stock of the corporation. The Board of Tax Appeals decided that the resolutions and the filing of the certificate of amendment of the charter with the Secretary of State did not constitute a written contract executed by the corporation within the purview of Section 26(c) (1) of the Revenue Act of 1936.

This decision is clearly correct. The Supreme Court in Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 61 S.Ct. 109, 112, 85 L.Ed. 29, held that Section 26(c) (1) had reference to an agreement of the conventional type which is reduced to writing, signed and delivered to the party entitled to enforce it, and decided that a corporate charter is not such a written contract as falls within the purview of the section. The court held that Section 26(c) (2) obviously refers to "routine contracts dealing with ordinary debts" and then points out that no broader meaning is intended to be attached to the same words as used in Section 26(c) (1) than in Section 26(c) (2).

We conclude that Section 26(c) (1) does not cover the case of a mere internal corporate agreement embodied in resolutions of directors, stockholders, and the charter of the corporation. While these have binding effect within the corporation itself, none of them constitute such a contract as is contemplated by the section involved herein within the limitations set by the Supreme Court.

The decision is affirmed.