## ATLANTIC CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 10228.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1942.

Pope F. Brock, of Atlanta, Ga., for petitioner.

Joseph M. Jones, J. Louis Monarch, and Sewall Key, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

By means of a written contract executed prior to May 1, 1936, petitioner secured a line of credit from the First National Bank of Atlanta. The question is whether that contract prohibited the payment of dividends within the taxable years 1936 and 1937 so as to entitle it to a credit against the surtax on undistributed profits as provided by Section 26(c) (1) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 836.

The written contract relied upon by petitioner arose out of a letter from the bank to the president of the taxpayer corporation dated October 10, 1935, and the reply thereto on October 17, 1935. The letter from the bank advised petitioner that a line of credit had been set up for it upon the understanding that "if any back dividends are declared on the preferred stock, or any dividend in excess of the semi-annual dividend of $2.50 a share on the preferred stock is declared, or in the event that any dividend is declared on any of the other stock of the company, then, in the event of any of said events, the Bank shall have the right at its option to declare any note of your company held by it at once due and payable." The letter also requested an acknowledgement of the terms of the agreement as outlined, to which petitioner replied on October 17, 1935, "We acknowledge your letter of October 10th, and shall be governed accordingly."

Section 26(c) (1) of the Revenue Act of 1936 allows a credit to corporations against the surtax on undistributed profits in an amount equal to the excess of the adjusted net income over the aggregate of the amounts that can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. Article 26(2) (b) of Treasury Regulations 94, promulgated under the Revenue Act of 1936, provides that the credit given by Section 26(c) (1) is allowable only with respect to a written contract that expressly deals with the payment of dividends and operates as a legal restriction upon the corporation as to the amounts that it can distribute within the taxable year as dividends.

The credit afforded by the statute is in the nature of a gratuitous special deduction, and the Commissioner properly has construed the statute strictly.[1] To entitle a corporation to the credit provided, it must appear that it was legally restricted from paying dividends during the taxable year by an express provision of a written contract executed prior to May 1, 1936. The contract here involved contained no provision expressly prohibiting the payment of dividends, and the corporation might have declared and paid dividends upon any stock issued by it without violating the terms of its agreement with the bank. In the event any dividends had been paid, other than the semi-annual dividends on the preferred stock, such payments would only have conferred upon the bank the right, at its option, to declare at once due and payable any note executed by the corporation to it irrespective of the due date appearing upon the face of the note; it would not give rise to any right of action for breach of contract.

It is of no importance that the corporation actually may have been deterred from the payment of dividends by reason of its apprehension that the maturity of its notes would be accelerated or that, by reason of the penalty provision, an agreement against declaring dividends may have arisen by implication. The statute requires an express prohibition against the declaration of dividends, and this contract provided none. We think the contract between the corporation and the bank did not contain such provisions respecting the payment of dividends as would entitle petitioner to the credits claimed,[2] and the decision of the Board of Tax Appeals is affirmed.

[1] Helvering v. Northwest Steel Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29; Caroline Mills v. Commissioner, 5 Cir., March 24, 1942, 126 F.2d 857;

Florence Cotton Mills v. Commissioner, 5 Cir., March 24, 1942, 126 F.2d 1017.

[2] Helvering v. Northwest Steel Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29; Caroline Mills v. Commissioner, supra.