**CENTRAL WEST COAL CO. v. COMMIS-
SIONER OF INTERNAL REVENUE.**

No. 7944.

Circuit Court of Appeals, Seventh Circuit.

Nov. 11, 1942.

Irving A. Puchner, of Milwaukee, Wis., for petitioner.

J. P. Wenchel and Roy N. McMillan, Bureau of Internal Revenue, both of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This petition for review of a decision of the Tax Court of the United States presents the question whether this taxpayer is entitled to a credit, as provided by § 26(c)(1) of the Revenue Act of 1936, in determining its liability for surtax on undistributed net income for the years 1937 and 1938.

The taxpayer is a Michigan corporation. Its fiscal year extends from May 1 to April 30. During the years in question it had outstanding, in addition to its common

stock, first mortgage bonds and preferred stock. The bonds, $400,000 in amount, were issued in 1928 under a trust deed which provided:

"The Mortgagor covenants that it will not pay any dividends on its common capital stock during the first three years succeeding the date of this indenture, if its earnings together with the earnings of its acquired property for the twelve months immediately preceding shall, after the payment of taxes and depreciation, but before the payment of the interest charges on the bonds issued hereunder, be less than Sixty Thousand Dollars.

"The Mortgagor further covenants that after the expiration of three years from the date hereof it will not pay any dividend upon its common capital stock until the principal of said bonds then maturing and interest on all outstanding bonds, together with service charges, shall have been provided for. Dividends declared within ninety days after the close of the Mortgagor's fiscal year out of the net earnings of such year shall be considered as dividends declared during such fiscal year for the purposes of this section."

There was further provision in the deed for the maturing of the bonds serially, $40,000 on August 1, 1931, and $30,000 on August 1 of each year thereafter. They bore interest at the rate of 6% payable semiannually.

There was $49,850 of preferred stock outstanding on April 30, 1937, on which dividends amounting to $15,702 were accrued and unpaid on April 15, 1937, and somewhat smaller amounts on the corresponding dates in 1938. This stock had been authorized by a resolution which provided for 7% cumulative dividends, payable only from surplus or net profits, and that such cumulative dividends must be paid or a sum sufficient to pay them must be appropriated and set apart before any dividend could be declared or paid upon or set apart for any other stock.

Petitioner reported adjusted net income of $45,562 for 1937, and $43,514 for 1938. Its balance sheets filed with its returns disclosed earned surplus in the amounts of $126,022 and $158,810 for those years. In computing its surtax on undistributed profits, imposed by § 14(b) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 823, it claimed a credit of $30,000 for each of the years against the adjusted net income on account of the contract quoted above

which, it asserted, prevented it from making any dividend payments. When these credits were disallowed by the Commissioner, the taxpayer petitioned the Tax Court for review, also asserting in its petition an overpayment arising out of its failure to claim a further credit for each year on the basis of an alleged preferred stock restriction against payment of dividends on common stock.

Section 14 of the Act of 1936 imposes a general surtax on corporate profits earned but not distributed as dividends during the tax year. However, § 26(c) (1), 26 U.S. C.A. Int.Rev.Acts, page 836, relieves from such surtax all undistributed profits which the corporation could not distribute as dividends "without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends."

Petitioner, in claiming the credit on its surtax, relies upon the provision of its trust deed that "it will not pay any dividend upon its common capital stock until the principal of said bonds then maturing * * * shall have been provided for. * *" It contends that the parties to the contract intended this language to mean, and construed it as meaning that such provision must be made out of earnings, and that the assets existing at the time of the execution of the trust deed were to remain as security for the payment of the bonds. However, the Tax Court found from the evidence that the parties had never looked to earnings for payment, but that annual payments had been made out of working capital, reserves and proceeds from sales of assets as well as earnings, and it therefore concluded that when petitioner periodically used these various resources to pay the maturities and interest on the bonds it " 'provided for' " those obligations within the meaning of the contract; and "petitioner having complied regularly and punctually with the sole condition of paying the interest and principal of the bonds up to and including the whole of the taxable years, the clause containing the quoted words did not have the legal effect of prohibiting payment within the taxable years of dividends on the common stock."

We think this conclusion is further supported by other language of the contract. We note that the first paragraph of the deed, relating to payment of dividends during the first three years after its execu-

tion, expressly provided for no such payment if earnings were less than a specified amount. The absence of reference to earnings in the immediately succeeding paragraph with relation to dividends after three years indicates to us that the parties did not intend to look to earnings primarily for payment of maturing bonds and interest, contrary to petitioner's now asserted interpretation.

The Commissioner has called our attention to a number of cases construing § 26(c) (1).[1] With the exception of the last case cited, all were decided in favor of the Commissioner, and the decision of that case appears to be in error under the ruling in Helvering v. Northwest Steel Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29. While the result of some of these cases (such as involve the so-called deficit corporations) may be changed by operation of § 501 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, amending §§ 14 and 26 of the Act of 1936 and retroactively relieving certain hardships arising thereunder, their authority is otherwise good. From them we learn that § 26(c) providing for a special tax exemption, is to be strictly construed, and that to entitle the taxpayer to the benefit of the exemption, there must be a contract enforcible by a creditor, to prevent the payment of a dividend. The record here shows that all obligations under the trust deed were met when due, on August 1 of each of the tax years in question. We cannot say that the bondholders with their rights thus satisfied could thereafter during the remaining nine months of each fiscal year, have prevented payment of a dividend. It follows that petitioner has not shown itself entitled to the credit claimed on the basis of covenants of the trust deed. It does not appear that it is entitled to the relief afforded by the 1942 amendments referred to above.

With respect to the alleged restriction arising in favor of preferred stockholders whose cumulative dividends had not been paid, we are convinced that the corporate resolution relied upon did not constitute such a written contract as was contemplated by § 26(c) (1), as construed by Helvering v. Northwest Mills, supra. See,

also, Metal Specialty Co. v. Com'r., 6 Cir., 128 F.2d 259. Compare Commissioner v. Meridian & Thirteenth Realty Company, 132 F.2d 182, decided by this court November 5, 1942.

Decision affirmed.

---

[1] Helvering v. Northwest Steel Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29; Warren Telephone Co. v. Com'r., 6 Cir., 128 F.2d 503; Metal Specialty Co. v. Com'r, 6 Cir., 128 F.2d 259; Com'r v. Columbia River Paper Mills, 9 Cir., 127 F.2d 558; Atlas Supply Co. v. Com'r, 10 Cir., 123 F.2d 356; Caroline Mills v. Com'r, 4 Cir., 126 F.2d 857; Atlantic Co. v. Com'r, 4 Cir., 129 F.2d 87; Lehigh Structural Steel Co. v. Com'r, 3 Cir., 127 F.2d 67.