**GLENN, Collector of Internal Revenue, v. CHESS & WYMOND, Inc.**

No. 9216.

Circuit Court of Appeals, Sixth Circuit.

Dec. 15, 1942.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., and Eli H. Brown, III, of Louisville, Ky., on the brief), for appellant.

Charles G. Middleton, of Louisville, Ky. (Chas. G. Middleton, Chas. G. Middleton, Jr., B. Hudson Milner, and Bullitt & Middleton, all of Louisville, Ky., on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

On appeal from the order of the district court granting credit on undistributed profits, to appellee corporate taxpayer, predicated upon a contract restricting payment of dividends in accordance with § 26 (c) (1) of the Revenue Act of 1936, 26 U. S.C.A. Int.Rev.Acts, page 836, it appears that the First National Bank, Louisville, Kentucky, offered in writing to extend bank credit to appellee under certain conditions; that, in its offer, the bank stated that, while it understood the corporate taxpayer would pay dividends on certain stock, the bank would, however, definitely oppose payment of such dividends, in case earnings were less than $30,000 per quarter; and that the conditions were fulfilled and the offer accepted by the corporate taxpayer, and credit was received from the bank as a result thereof.

The statement that the bank, in making its offer to be accepted in the future, would definitely oppose the payment of such divi-

dends, is more emphatic than a statement that the bank was making its offer on the understanding that no such dividends would be paid—although the latter expression more markedly bears the impress of a condition, according to the general acceptance of such a term; and since the milder statement would, unquestionably, be considered a provision of restriction, the more definite and explicit wording of the bank's attitude is to be likewise interpreted. While the phrasing of the offer could have been clearer, it must be understood and construed as an express provision that the credit was offered on condition that no such dividends would be paid unless the earnings exceeded the given amount.

Under the foregoing facts, the acceptance of the offer resulted in a written contract, executed by the corporate taxpayer, expressly dealing with the payment of dividends; and payment of dividends on the stock in question, without the required earnings, would be in violation of the provision prohibiting them. Sec. 26(c) (1) of the Revenue Act of 1936. Such provision operated "as a legal restriction upon the corporation as to the amounts which it can distribute within the taxable year as dividends." Sec. (b) of Art. 26-2 of Treasury Regulations 94.

The order of the district court is affirmed.