Arthur P. BOH, Appellant, v. PAN AMER-
ICAN PETROLEUM CORPORA-
TION, Appellee.

No. 10581.

Circuit Court of Appeals, Fifth Circuit.

May 8, 1943.

Chas. F. Fletchinger, of New Orleans,
La., for appellant.

Eugene D. Saunders and Herman M.
Baginsky, both of New Orleans, La., for
appellee.

Before SIBLEY, HUTCHESON, and
McCORD, Circuit Judges.

PER CURIAM.

When this case was here before, the
judgment was reversed and the cause re-
manded for further proceedings consistent
with the opinion rendered. Boh v. Pan
American Petroleum Corporation, 5 Cir.,
128 F.2d 864. The further proceedings in
the lower court and the judgment entered
were in strict conformity with the opinion
and mandate of this Court.

Affirmed.

COLONIAL BOOK COMPANY, Inc., Plain-
tiff-Appellant, v. OXFORD BOOK COM-
PANY, Inc., Defendant-Respondent.

No. 248.

Circuit Court of Appeals, Second Circuit.

April 28, 1943.

Morris Kirschstein, of New York City,
for plaintiff-appellant.

Gray & Grossman, of New York City
(Max Grossman, of New York City, of
counsel; Herman A. Gray, of New York
City, on the brief), for defendant-respond-
ent.

Before AUGUSTUS N. HAND,
CHASE, and CLARK, Circuit Judges.

PER CURIAM.

Judgment affirmed on opinion below, 45
F.Supp. 551.

FRANCE STONE COMPANY, Petitioner, v.
COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 9274.

Circuit Court of Appeals, Sixth Circuit.

Feb. 9, 1943.

Writ of Certiorari Denied May 3, 1943.

See 63 S.Ct. 1031, 87 L.Ed. ——.

John J. Kendrick, of Toledo, Ohio, for
petitioner.

Samuel O. Clark, Jr., J. P. Wenchel,
Sewall Key, C. R. Marshall, Helen R. Car-
loss, and Mamie S. Price, all of Washing-
ton, D. C. for respondent.

Before SIMONS, HAMILTON, and
MARTIN, Circuit Judges.

PER CURIAM.

It appearing in this cause that the Com-
missioner of Internal Revenue had re-de-
termined the federal income tax liability
of the petitioner for 1937 and asserted a
deficiency because of a tax liability upon
undistributed profits pursuant to Sec. 26(c)
(1) of the Revenue Act of 1936, 26 U.S.C.
A. Int.Rev.Acts, page 836, and that the re-
spondent's determination was approved by
the Board of Tax Appeals (now the Tax
Court of the United States); and it also
appearing that the immunity from such
taxation was based upon a written contract
between the petitioning corporation and its
preferred stockholders; and it being the
view of the court that under the decision of
the Supreme Court in Helvering v. North-
west Steel Rolling Mills, 311 U.S. 46, 61 S.
Ct. 143, 85 L.Ed. 408, and of this court in
Warren Telephone Co. v. Commissioner, 6
Cir., 128 F.2d 503, and Metal Specialty Co.
v. Commissioner, 6 Cir., 128 F.2d 259, such
contract is not of the character contem-
plated by Sec. 14(a) (2) of the Revenue
Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page
823; and it being further the view of the
court that the amendment to the 1936 Act
made by Sec. 501 of the Revenue Act of
1942 does not bring the petitioner within
the class exempted from the tax since it is
not a deficit corporation as defined by the
1942 amendment to Sec. 26(c) of the Reve-
nue Act of 1936, 26 U.S.C.A. Int.Rev.Acts:
It is ordered that the decision of the Board
of Tax Appeals be, and it is hereby, af-
firmed.