### RAHR MALTING CO. v. UNITED STATES.

No. 8633.

Circuit Court of Appeals, Seventh Circuit.

Nov. 16, 1944.

868

Frederic Sammond and Theodore C. Bolliger, both of Milwaukee, Wis. (Miller, Mack & Fairchild, of Milwaukee, Wis., and Nash & Nash, of Manitowoc, Wis., of counsel), for appellant.

Samuel O. Clark, Jr., Sewall Key, Melva Graney, and I. Henry Kutz, Asst. Attys. Gen., and Timothy T. Cronin, U. S. Atty., of Milwaukee, Wis., A. F. Prescott, Sp. Asst. to the Atty. Gen., and Elsmere J. Koelzer, Asst. U. S. Atty., of Milwaukee, Wis., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff brought this action to recover refund of surtaxes claimed to have been illegally assessed against it on undistributed profits for the years 1936 and 1937. The case was tried without a jury and judgment was rendered for defendant. To reverse this judgment, plaintiff appeals.

The question is whether plaintiff is entitled under § 26(c) (1) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 836, to credits against 1936 and 1937 undistributed profits, because of a written agreement restricting the payment of cash dividends.

The Act levied a general surtax upon the undistributed net income of corporations. Credits, however, were allowed in certain circumstances, among these being that provided by § 26(c) (1), which exempted from the surtax the undistributed profits which the corporation could not have distributed as dividends within the taxable year without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends.

The facts are undisputed. Prior to January 13, 1936, the First National Bank of Chicago, being familiar with plaintiff's financial affairs, its proposed construction program and contemplated needs, sent to plaintiff a letter in which it offered to loan, between January 13, 1936, and May 15, 1936, whenever requested by plaintiff, a sum not exceeding $750,000, of which $250,000 was to be used to repay plaintiff's then existing indebtedness to the bank and $500,000 to erect a new plant. The letter stated that acceptance would constitute an agreement between the parties. The offer was accepted January 17, 1936.

On January 17, 1936, and thereafter until March 14, 1936, plaintiff owed the bank $250,000 upon two notes, one payable May 15, 1937 and the other May 15, 1938. These notes plaintiff redeemed on March 14, 1936, and thereafter until May 15, 1936, it was not indebted to the bank. January 21, 1936, plaintiff entered into contracts for the construction of the new plant for $682,190 payable in installments as the work progressed, and during the spring of 1936 it paid off a substantial portion of the cost of constructing the new plant without borrowing money from the bank.

On May 15, 1936, plaintiff borrowed $750,000 from the bank. The loan was evidenced by a series of notes dated May 15, 1936. The bank's letter of January 13, 1936, specified that the loan should be evidenced by notes in substantially the form attached to the letter. The note form at-

tached, as well as the notes actually executed evidencing the loan of $750,000, included a restriction that plaintiff would not pay any cash dividends upon or make any cash distribution with respect to any of its capital stock except from net earnings after August 1, 1935.

The District Court concluded that the bank's letter contained no prohibition restricting the payment of dividends, and that, not until the notes were executed, was plaintiff's right to declare and pay dividends restricted. 54 F.Supp. 282, 286.

In this court plaintiff contends that the agreement was in effect on January 17, 1936; that the terms agreed upon included the note form which required it to retain its earnings or use them to retire its indebtedness to the bank; and that to require plaintiff to pay a tax for carrying out the terms of the contract would be contrary to the spirit of the statute.

In the view we take of the case it will not be necessary to discuss defendant's contention that no credit is allowable, irrespective of the effective date of the dividend restriction, when the restriction relied upon does not prohibit the payment of a stock dividend, and we shall confine our discussion to plaintiff's contention.

■■ One claiming a credit such as is permitted under the Act is under the burden of showing compliance with the exact terms of the section granting the exemption, Helvering v. Ohio Leather Co., 317 U.S. 102, 63 S.Ct. 103, 87 L.Ed. 113, and the right to the credit must be found exclusively in the language of the contract under which the credit is claimed, since the granted credit can only result from a provision which "expressly deals with the payment of dividends." Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 48, 61 S.Ct. 109, 111, 85 L.Ed. 29.

Plaintiff concedes the rule but claims that the court's interpretation of the letter did violence to the intent of Congress. It asserts that the parties entered the financial arrangements with a specific program and defined needs before them; that the terms agreed upon included the note form which included the restriction on the distribution of dividends; and that by plaintiff's acceptance of the letter in Wisconsin, the note terms became a part of the agreement, and cites cases[1] to the effect that the acceptance of an offer to furnish the requirements of an offeree constitutes a completed bilateral contract, and contends that such circumstances give rise to and meet the requirements of § 26(c) (1), citing the authorities named below.[2]

In the Chess & Wymond and Automotive Parts cases, the loan was consummated and resulted in the execution of a contract prior to May 1, 1936, and the Mengel Co., Monarch Theatres, and Harding Glass cases involved bilateral contracts executed before May 1, 1936. It will not be necessary to discuss the other cases cited by plaintiff since they, too, are distinguishable on the facts.

■ We think the letter in our case was no more than an offer which could result in a contract upon the performance of the conditions set forth in the letter. True, the bank offered to loan $750,000, if and when plaintiff requested the money, but plaintiff was not obligated to borrow from the bank, neither did it agree that it would not borrow the money elsewhere. At best, the agreement was but in the nature of a continuing offer, on the part of the bank, to loan to plaintiff such money, when and if it requested the loan. But until there was such a request and the loan was made, there was no effective contract. Hopkins v. Racine M. & W. I. Co., 137 Wis. 583, 119 N.W. 301, and Pessin v. Fox Head Waukesha Corp., 230 Wis. 277, 282 N.W. 582. Consequently, no contract expressly dealing with the payment of dividends existed on January 17, 1936.

■ To entitle a taxpayer to the credit there must be a contract which prohibits the payment of a dividend, and that con-

[1] Excelsior Wrapper Co. v. Messinger, 116 Wis. 549, 93 N.W. 459; Taylor Co. v. Bannerman, 120 Wis. 189, 97 N.W. 918; Eastern Ry. Co. v. Tuteur, 127 Wis. 382, 105 N.W. 1067; American Steam Laundry Co. v. Riverside Printing Co., 171 Wis. 644, 177 N.W. 852; McCall Co. v. Icks, 107 Wis. 232, 83 N.W. 300; Ullman v. Bee Hive Dept. Store, 193 Wis. 350, 214 N.W. 349, 53 A.L.R. 281.

[2] Chess & Wymond v. Glenn, D.C., 40 F.Supp. 666, affirmed 6 Cir., 132 F.2d 621; Automotive Parts Co. v. Commissioner, 6 Cir., 134 F.2d 420; Mengel Co. v. Glenn, D.C., 50 F.Supp. 765; Harding Glass Co. v. Commissioner, 8 Cir., 142 F.2d 41; Monarch Theatres v. Helvering, 2 Cir., 137 F.2d 588; Darling & Co. v. Frank Carter Co., 208 Wis. 222, 242 N.W. 519; and First Wisconsin Nat'l Bank v. Forsyth Leather Co., 189 Wis. 9, 206 N.W. 843.

870

tract must have been entered into prior to May 1, 1936. The contract must be such as could be enforced by a creditor. Central West Coal Co. v. Commissioner, 7 Cir., 132 F.2d 190, 192. Here, the contract which expressly dealt with the payment of dividends came into existence May 15, 1936, the date of the execution of the notes. Bethlehem Silk Co. v. Commissioner, 3 Cir., 124 F.2d 649, and Florence Cotton Mills v. Commissioner, 5 Cir., 126 F.2d 1017. It is true that in the Silk and Cotton Mills cases, the loan offer expressly stated that the contract was to become binding only when the loan was paid. This, however, makes no difference, as no binding contract results until the offeree performs all of the conditions of the offer.

The conclusions of the District Court and the judgment therein were correct. The judgment is affirmed.